JOHN T. PLATI et al., Respondents, *v.* EASTMAN KODAK COMPANY et al., Appellants.

*Per Curiam.* The order appealed from denies *in toto* the motion of the defendants for the production of certain books, papers and writings upon an examination before trial of the plaintiffs without prejudice to the making of a further motion. The basis for the denial of the motion was that " The defendants have not described the books, papers, and writings which they ask to be produced in sufficient detail so that they may be identified."

This was the sole basis for the plaintiffs' objection to the granting of the motion for the production of the books, papers, and writings.

Both sides agree that the documents need not be enumerated in detail, but must be described generally " so far as practicable ". (Rules Civ. Prac., rule 122.)

While an order for the production of books and documents could not properly be granted in the broad language used in the notice of motion, there is contained in the notice of motion sufficient specification of documents so as to grant an order for the production of the documents hereinafter set forth.

The order appealed from should be modified so as to require the plaintiffs to produce upon the examination before trial the following books, papers and writings in their custody and possession or under their control:

(1) Contracts or agreements between the parties or correspondence or communications between either or both plaintiffs on the one hand, and any or all of the defendants on the other, relating to the terms of employment of either plaintiff by defendant.

(2) The reports, laboratory notes and records concerning experiments by the plaintiffs relating to the inventions of the compounds referred to in the amended complaint.

(3) Books, records, and papers showing the financial support by the defendants of the experiments claimed to have been made by the plaintiffs and others associated with them relating to the compounds alleged in the amended complaint.

(4) Originals or copies of patent applications executed by either plaintiff and of patents and patent rights relating to the compounds referred to in the amended complaint.

(5) Drafts of agreements between either or both of the plaintiffs on the one hand and any or all the defendants on the other, of the agreements alleged in the amended complaint and notes relating to changes in the contractual provisions thereof.

(6) Writings or copies of writings containing promises, agreements or representations by any of the defendants relating to the plaintiffs' participation in profits from the manufacture and sale of the compounds referred to in the amended complaint.

(7) Communications between either plaintiff and any defendant relating to the participation by either plaintiff in profits from the manufacture and sale of the compounds referred to in the amended complaint.

(8) Books, papers, and writings showing knowledge of the defendant Eastman Kodak Company of any promises, agreements, representations or understandings between either plaintiff and the University of Rochester or Noned Corporation relating to the plaintiffs' participation in profits from the manufacture and sale of the compounds referred to in the amended complaint.

(9) All transcripts and memoranda of conferences, conversations and communications between either or both of the plaintiffs, on the one hand, and any or all of the defendants, on the other, relating to the plaintiffs' participation in profits from the manufacture and sale of the compounds referred to in the amended complaint.

All concur. Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

Order insofar as appealed from reversed, with $10 costs and disbursements, and motion granted to the extent set forth in the memorandum, with $10 costs.